FILED

2016 MAR 16 PM 3:12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: LETTERS OF REQUEST FOR JUDICIAL ASSISTANCE FROM THE FIRST INSTANCE COURT IN CIVIL MATTERS NO. 58 BUENOS AIRES, ARGENTINA

Case No. 3:16-MC-15-J-39JRK

_______________________________/

**UNITED STATES OF AMERICA'S APPLICATION FOR**
**APPOINTMENT OF COMMISSIONER UNDER 28 U.S.C. § 1782**

The UNITED STATES OF AMERICA, through its counsel, the United States Attorney, Middle District of Florida, petitions this Court for an Order pursuant to 28 U.S.C. § 1782, appointing the undersigned Assistant United States Attorney as a Commissioner for purposes of gathering the requested evidence and taking all other necessary actions, including issuing necessary subpoenas and correspondence, to provide the assistance requested in Letters Rogatory issued by the above-referenced Argentinian Court, pursuant to the Convention of 18 March 1970 on the Taking Evidence Abroad in Civil or Commercial Matters.

PROCEDURAL BACKGROUND

This application is made pursuant to two Letters Rogatory issued by the above-referenced First Instance Court in Civil Matters No. 58 in Buenos Aires, Argentina, signed July 16, 2015 and September 3, 2015, under the Convention on Taking Evidence Abroad in Civil or Commercial Matters, which entered into force with respect to the United States of America on October 7, 1972. 23 UST 2555,

TIAS 7444.[1] The original Spanish language Letters of Request are attached hereto as Exhibit A (July 16, 2015 letter) and Exhibit B (September 3, 2015 letter).[2] The English translations of the Letters of Request, which were provided by the foreign tribunal, are attached hereto as Exhibit C (July 16, 2015 letter) and Exhibit D (September 3, 2015 letter). In the Letters Rogatory dated July 16, 2015, the Court in Argentina requested that the United States obtain certain documents and information from Merrill Lynch & Co., Inc., and/or Merrill Lynch, Pierce, Fenner & Smith, Inc., and/or Merrill Lynch Bank Suisse (collectively "Merrill Lynch"), located at One Bryant Park, New York, New York 10036, regarding accounts held under the names of Ida Margarita Lavorano (née Regge) and/or Alberto Lavorano and/or Alberto Guillermo Lavorano and/or María Alejandra Linares. Ex. C. In the Letters Rogatory dated September 3, 2015, the Court in Argentina has requested that the United States obtain information from Merrill Lynch regarding the ownership of the same accounts at issue in the July 16, 2015 Letters of Request. Ex. D. Merrill Lynch's corporate offices–for acceptance of subpoenas for account information–are located in Jacksonville, Florida, as follows:

Merrill Lynch Pierce Fenner & Smith, Inc.
P.O. Box 40239
Jacksonville, FL 32203

Merrill Lynch – Third Party Services
4800 Deer Lake Drive, East

---

[1] This Convention is typically referred to as the Hague Convention on Taking Evidence Abroad and, hereinafter, will be referred to simply as the "Hague Convention" or the "Evidence Convention."

[2] The Letters of Request included, as attachments, Merrill Lynch bank statements pertaining to the accounts in issue. Due to the volume of these attachments, they are not enclosed with the instant Application, but they can be provided if the Court wishes to review them.

Building 1, 1st Floor, A-Wing
Jacksonville, FL 32246

The information and documents sought are to be used in the pending litigation of *María Alejandra Lavorano v. Alberto Guillermo Lavorano, et al.*, File No. 20866/2014, and *Regge, Ida Margarita on Succession Proceedings*, File No. 3977/20133.

MEMORANDUM

I. The Hague Evidence Convention.

The Convention entered into force with respect to the United States of America, on October 7, 1972. 23 UST 2555, TIAS 7444. Under Article VI of the United States Constitution, treaty provisions, such as those governing this Application, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Roders, J., concurring); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty").

The Convention affords each participating nation the use of the judicial processes of other participating nations where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." *Preamble to the Convention on Taking Evidence Abroad in Civil or Commercial Matters*. The Hague Convention entered into force between Argentina

and the United Stateson January 30, 1988.[3] The Convention provides at Article 10 that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Furthermore, Article 9 of the Convention provides, in pertinent part, that "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed," and that a "Letter of Request shall be executed expeditiously."

II. Statutory Basis Met for Granting Request for Judicial Assistance.

Pursuant to § 1782, a federal district court has the authority to order a person or entity residing within its district to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The court may direct that the document or other thing be produced before a person appointed by the court. By virtue of the appointment, a Commissioner has the power to administer any necessary oath and take the evidence on behalf of the foreign tribunal. 28 U.S.C. §1782.[4]

---

[3] The United States signed the Hague Convention on July 27, 1970, and it entered into force with respect to the United States on October 7, 1972. 23 UST 2555, TIAS 7444. In lieu of signing, Argentina acceded to the Hague Convention on May 8, 1987. http://www.hcch.net/index_en.php?act=conventions.status&cid=82. The United States accepted the accession by Argentina on December 1, 1987 and, thus, the Convention entered into force between the United States and Argentina on January 30, 1988. https://www.hcch.net/en/instruments/conventions/status-table/acceptances/?mid=484.

[4] Specifically, 28 U.S.C. § 1782(a) provides as follows:

The Eleventh Circuit has identified several statutory prerequisites for bringing an action pursuant to 28 U.S.C. § 1782: (1) the request is made by a foreign tribunal or interested person; (2) the request is for evidence, whether testimonial in nature, or the production of an item; (3) the evidence is for use in a proceeding before a foreign tribunal; and (4) the person [or entity] from whom evidence is sought is found within the district of the district court to which the request is made. *In re Patricio Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). Upon meeting these prerequisites, a district court has the authority, but is not required, to grant the § 1782 request. *Id.* at 1333.

The statutory prerequisites for commencing an action under § 1782 have been met. The requests are from the Argentinian Court, a foreign tribunal, seeking to obtain testimonial and documentary evidence. The evidence requested is to be used in the pending proceedings of *María Alejandra Lavorano v. Alberto Guillermo Lavorano, et al.*, File No. 20866/2014, and *Regge, Ida Margarita on Succession Proceedings*, File No. 3977/20133. Last, Merrill Lynch's corporate office for

---

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

accepting a subpoena seeking the requested evidence is found in the Middle District of Florida, Jacksonville Division.[5] Hence, the statutory requirements for bringing a § 1782 action have been met.

III. Discretionary Factors Weigh in Favor of Granting Judicial Assistance.

Although the statutory prerequisites for authorizing a request under § 1782 have been met, a court is not required to grant a § 1782 request. Rather, a court must consider several other factors to determine whether it should exercise its discretion under § 1782. *In re Clerici*, 481 F.3d at 1334 (citing *Intel Corpl v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004)). The additional factors include: (1) whether the person from whom evidence is sought is a litigant in the foreign proceeding; (2) the nature of the proceeding pending abroad; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proofgathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *In re Clerici*, 481 F.3d at 1334.

The first *Intel* factor weighs in favor of granting the request. The information sought by the Argentinian court pertains to assets that exist outside of the jurisdiction of the Argentinian court and, thus, are not within the possession, care or custody of any of the litigants, each of whom reside in Argentina.

[5] In the Letters Rogatory dated July 16, 2015, the Argentinian Court provided the address of Merrill Lynch as One Bryant Park, New York, New York 10036. However, Merrill Lynch, like many other banking and/or investment institutions, have designated offices which accept and and/or handle all requests for account information. Merrill Lynch's centralized office for service and/or acceptance of subpoenas is located in the Middle District of Florida, Jacksonville Division. Because the entity capable of complying with the Argentinian Court's request for information appears to be situated in the Middle District of Florida, it is respectfully submitted that the fourth statutory prerequisite is met.

The second *Intel* factor also weighs in favor of granting the request because the information is sought by a civil tribunal of Argentina for purposes of resolving a civil action. The Letters Rogatory dated July 16, 2015 identifies Ida Margarita Lavorano (née Regge) and/or Alberto Lavorano and/or Alberto Guillermo Lavorano and/or María Alejandra Linares as owners of Merrill Lynch accounts. Additionally, the Letters Rogatory dated September 3, 2015 seeks to determine whether certain accounts were owned by Ida Margarita Regge and the identification of individuals authorized to operate the accounts from 2005 to the present. Ultimately, this information will be used to prove the existence of the accounts and consider the economic situation of Ida Margarita Lavorano (née Regge).

The third *Intel* factor also weighs in favor of granting the application because nothing suggests that these requests are an attempt to circumvent foreign proofgathering limitations or other policies of the courts of Argentina or the United States. While the records and information sought by the Argentinian Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § § 3401 et seq., does not apply to this request under § 1782. *See Young v. U.S. Dept of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding FRPA did not apply to DOJ attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782); *In re: Letter of Request for Judicial Assistance From Civil and Commercial Court of First Instance No. 11 in Buenos*

*Aires, Argentina*, No. 3:15-mc-40-J-20MCR, doc. no. 2 at 2 (M.D. Fla. Dec. 2, 2015) ("finding that the RFPA does not apply to . . . request[s]" pursuant to 28 U.S.C. § 1782).[6] Last, the final *Intel* factor weighs in favor of granting the Application because the request does not appear to be unduly intrusive or overly burdensome. In light of the foregoing, the Court should exercise its discretion and grant the Application.

**CONCLUSION**

Based upon the foregoing citations of authority, the United States respectfully requests that the Court grant the instant Application and enter an order appointing the undersigned Assistant United States Attorney as a Commissioner for the purpose of administering any necessary oaths, making an necessary certifications, issuing any necessary subpoenas, and otherwise taking actions necessary to obtain the evidence requested in the Letters Rogatory issued by the Argentinian Court.

---

[6] There is no controlling Eleventh Circuit authority on the issue of applicability of RFPA to letters rogatory. As noted by this Court in a prior, similar case:

> The Eleventh Circuit's opinion in *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 n.12 (11th Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989), *abrogated by Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241[,124 S.Ct. 2466, 159 L.Ed.2d. 355] (2004), does not address the applicability of the RFPA to document requests from foreign governments; instead, the court noted that the financial records sought by the foreign tribunal would be released in accordance with RFPA.

*In re: Letter Rogatory from the Thirteenth Family Court, Superior Court of Justice of the Federal District of Mexico*, No. 8:07-mc-81-T-30EAJ, doc. no. 2, at 2 and n.1 (M.D. Fla. Oct. 4, 2007).

Dated this 16th day of March, 2016.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

*/s/ Collette B. Cunningham*

COLLETTE B. CUNNINGHAM
Assistant United States Attorney
Florida Bar No. 0012737
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone No. (904) 301-6326/6300
Facsimile No. (904) 301-6310
Collette.Cunningham@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2016, I filed the foregoing document with the Clerk of the Court. I further certify that, on the same date, I mailed a copy of the foregoing document by first-class mail to the following:

Merrill Lynch Pierce Fenner & Smith, Inc.
Attn: Megan Jordan
P.O. Box 40239
Jacksonville, FL 32203

Merrill Lynch – Third Party Services
4800 Deer Lake Drive, East
Building 1, 1st Floor, A-Wing
Jacksonville, FL 32246

*/s/ Collette B. Cunningham*
COLLETTE B. CUNNINGHAM
Assistant United States Attorney